IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                          No. CR 10-2851 JB

JERRY SEDILLO GUTIERREZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Early Termination of Supervised Release, filed September 24, 2012 (Doc. 43)("Motion for Early Termination"). The Court held a hearing on November 2, 2012. The primary issue is whether the Court should terminate Defendant Jerry Sedillo Gutierrez' term of supervised release early. The Court will deny Defendant Gutierrez' request for early termination of his supervised release. The Court believes that Gutierrez' significant criminal history counsels in favor of additional supervised release and that his conduct does not warrant early termination of his supervised release.

**FACTUAL BACKGROUND**

On April 10, 2010, the Lincoln County, New Mexico, Sheriff's Deputies responded to Gutierrez' residence, because he complained of a smashed windshield. See Memorandum of the United States Probation Officer at 1, dated October 29, 2012 ("USPO Memo"). The deputies arrived at Gutierrez' residence to find him with a firearm, proclaiming that he was going to kill the individuals who smashed his windshield. See USPO Memo at 1. The deputies asked Gutierrez to lower his weapon, but he refused, instead "rack[ing] the firearm [and] stating the deputy would have

to kill him." USPO Memo at 1. Ultimately, the deputies convinced Gutierrez to lower his weapon and surrender. See USPO Memo at 1. Gutierrez was noticeably intoxicated during this incident. See USPO Memo at 1. While the deputies transported Gutierrez to jail, he stated that "he was going to kill the two people who broke his windshield and that 'he was not joking.'" USPO Memo at 1.

## PROCEDURAL BACKGROUND

Gutierrez was charged with the offense of being a Felon in Possession of a Firearm and Ammunition. See Criminal Complaint ¶ 4, at 2, filed Aug. 10, 2011 (Doc. 1). On April 18, 2011, Gutierrez pled guilty to an Indictment charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Plea Agreement ¶ 3, at 2, filed Apr. 18, 2011 (Doc. 35). On August 2, 2011, the Court sentenced Gutierrez to a sentence of nine days, which was time-served, and placed him on supervised release for a term of two years. See Sentencing Minute Sheet at 1, filed Aug. 2, 2011 (Doc. 40). Gutierrez' term of supervised release ends on August 1, 2013. See Sentencing Minute Sheet at 1.

Gutierrez moves the Court, pursuant to 18 U.S.C.§ 3583(e), for an order terminating the remaining time of his supervised release. See Motion for Early Termination at 1. As support for this request, Gutierrez asserts that he has successfully reintegrated into the community and poses no foreseeable risk to public safety. See Motion for Early Termination at 2. Gutierrez states that he has been on supervised release for approximately one year. See Motion for Early Termination at 2. Gutierrez asserts that, while on supervised release, he has committed no violations of the conditions of his release. See Motion for Early Termination at 2. Gutierrez states that he is almost fifty-five years old and recently suffered a heart attack, leaving him in ill-health. See Motion for Early Termination at 2. Gutierrez notes that Plaintiff United States of America opposes his Motion for Early Termination. See Motion for Early Termination at 2.

The United States opposes Gutierrez' Motion for Early Termination. See United States' Response to Defendant's Motion for Early Termination of Supervised Release at 1, filed Nov. 1, 2012 (Doc. 48)("Response"). The United States defers, however, to the position of the United States Probation Office ("USPO"). See Response at 1. The USPO opines that Gutierrez' two previous drug trafficking convictions and Gutierrez' conduct during the first year of his supervision weigh against the early termination of supervised release. See Response at 1.

The USPO assigned Gutierrez a criminal history of II based on 3 criminal history points. See USPO Memo at 1. The USPO notes that Gutierrez' criminal history includes two felony drug convictions in 1993, two misdemeanor convictions for Driving While Intoxicated, and Battery Against a Household Member. See USPO Memo at 1. The USPO asserts that the State of New Mexico charged, but did not convict, Gutierrez for a felony drug case in 2001. See USPO Memo at 1. The State also charged, but did not convict, Gutierrez of Driving While Intoxicated in 2007. See USPO Memo at 1. The USPO states that, in 2006, the United States investigated Gutierrez for Alien Smuggling, but the Assistant United States Attorney declined to prosecute the case. See USPO Memo at 1. The USPO notes that, in November, 2011, while on supervised release, Gutierrez had family issues, which led to civil issues and contacts with the police. See USPO Memo at 1. The USPO asserts that New Mexico charged Gutierrez with Criminal Damage to Property Over $1,000, in December, 2011, but dismissed the charges in July, 2012. See USPO Memo at 1. The USPO states that, in February, 2012, Gutierrez was involved in a physical altercation with another male, but no charges were filed against him. See USPO Memo at 1.

The USPO notes that, in relation to Early Termination of Supervised Release, its Early Termination Policy follows the Guide to Judiciary Policy. See USPO Memo at 1. This policy requires defendants to exceed mere compliance with the conditions of supervised release. See

USPO Memo at 1 (citing 8E Guide to Judiciary Policy § 380.10 (2012)). Additionally, defendants must meet certain criteria to be eligible for early termination of supervised release, including "no history of violence, not having an aggravated role in the offense of conviction, and hav[ing] no recent arrests or convictions, or ongoing, uninterrupted patterns of criminal conduct." USPO Memo at 2 (citing 8E Guide to Judiciary Policy § 380.10). The USPO contends that, although Gutierrez has complied with the conditions of his supervised release, he has not made extraordinary progress. See USPO Memo at 2. For this reason, the USPO does not recommend that the Court grant Gutierrez' Motion for Early Termination. See USPO Memo at 2.

The Court held a hearing on November 2, 2012. See Transcript of Hearing at 36 (taken November 20. 2012)("Tr.").[1] Gutierrez spoke in support of his motion. See Tr. at 37:6-7 (Mandel). Gutierrez asserted that he has not violated the conditions of his supervised release. See Tr. at 37:15-16 (Mandel). Gutierrez informed the Court that he had a heart attack, and his doctor told him "to keep his stress levels low." Tr. at 38:21-23 (Mandel). He asserted that he finds that being on supervised release stresses him too much, as he has to drive to Ruidoso once a month and have "random contacts with the probation officer." Tr. at 38:24-25, 41:5 (Mandel). Gutierrez referenced the criteria probation officers used in 2002 to assess whether the early termination of a defendant's supervised release was appropriate.[2] See Tr. at 39:3-4 (Mandel). Gutierrez asserted that the 2002

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[2] Although Gutierrez references the criteria probation officers used in 2002 to assess whether the early termination of a defendant's supervised release is appropriate, his reliance on the 2002 criteria is in error, as the Court originally sentenced Gutierrez in 2011 when the 2002 criteria were no longer in effect. Probation officers currently use the 2012 Guide to Judiciary Policy. See 8 Guide to Judiciary Policy (2012). Unlike the 2002 criteria, the 2012 Guide to Judiciary Policy requires that defendants exceed mere compliance with the conditions of supervised release and make extraordinary progress while on supervised release. See 8E Guide to Judiciary Policy § 380.10.

criteria did not require "exemplary behavior." Tr. at 39:5-6 (Mandel). Gutierrez argued that the "exemplary behavior" standard is too high, as he "would have to [go] back to school or rescue someone from a burning building" to meet the "exemplary behavior" standard. Tr. at 39:7-8 (Mandel).

During the hearing, the United States opposed Gutierrez' Motion for Early Termination. See Tr. at 41:11-12 (Davenport). The United States supported the probation officer's objection to the early termination of Gutierrez' supervised release. See Tr. at 41:12 (Davenport). The United States acknowledged that Gutierrez has not violated the conditions of his supervised release. See Tr. at 41:19-20 (Davenport). Nonetheless, the United States asserted that Gutierrez was "charged in December of 2011 with criminal damage to property and that those charges were dismissed July of 2012 and then he was in a physical altercation in February of 2012 and charges were not filed again in that." Tr. at 41:21-24 (Davenport). The United States informed the Court that "there was a video of the fight that took place" in February of 2012, which probation officers viewed and "saw that [Gutierrez] was involved." Tr. at 41:25-42:1 (Davenport). The United States referenced the Guide to Judiciary Policy, and asserted that "the policy on early termination at this point is that you have to have some sort of exemplary behavior or going above and beyond just mere compliance." Tr. at 42:3-6 (Davenport). The United States argued that, under this policy, the circumstances of this case do not support terminating Gutierrez' supervised release early. See Tr. at 43:6-7 (Davenport). In response to the Court's question about the problem with terminating Gutierrez' term of supervised release early, the United States responded that Gutierrez' history and "recent contact with law enforcement" counsel against the early termination of Gutierrez' supervised release. Tr. at 42:19-22 (Court)(Davenport).

The USPO spoke at the hearing to reiterate the United State's position that the early

termination of Gutierrez' supervised release is unwarranted.  <u>See</u> Tr. at 44-3-4 (Peña).  The USPO also asserted that they have done as much as possible to lower Gutierrez' stress levels by reducing his substance abuse counseling sessions to once a month and coordinating his visits to Ruidoso for counseling with his trips to receive his Social Security benefits.  <u>See</u> Tr. at 44:5-11 (Peña).

Gutierrez responded to the United States' allegations, asserting: "I had no knowledge of what the Government was talking about."  Tr. at 45:18-19 (Mandel).  Gutierrez argued that the incidents related to family difficulties and that, during the February, 2012, altercation, he was defending himself.  <u>See</u> Tr. at 45:21-22 (Mandel).  Gutierrez reiterated that he is in compliance with the conditions of his supervised release and that he resolved his issues with substance abuse and with his family.  <u>See</u> Tr. at 46:1-6 (Mandel).  Gutierrez once again asked the Court to grant his Motion for Early Termination.  <u>See</u> Tr. at 46:6-7 (Mandel).

## **LAW REGARDING EARLY TERMINATION OF SUPERVISED RELEASE**

The United States Court of Appeals for the Eleventh Circuit has stated:

> The primary goal of supervised release is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period of time in prison for punishment or other purposes but still needs supervision and training programs after release.

<u>United States v. Pugh</u>, 515 F.3d 1179, 1199 (11th Cir. 2008)(quoting S.Rep. No. 98-225, at 124 (1984), <u>reprinted</u> <u>in</u> 1984 U.S.C.C.A.N. 3182 (alterations omitted)(internal quotation marks omitted).  "Congress intended supervised release to assist individuals in their transition to community life.  Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."  <u>United States v. Johnson</u>, 529 U.S. 53, 59 (2000)(citing S.Rep. No. 98-225, at 124).  Congress prohibited incarcerating an offender for rehabilitation purposes, but the court may consider an offender's need for rehabilitation in prescribing supervised release conditions.  <u>See</u> <u>United States</u>

v. Burgos, 276 F.3d 1284, 1290 n.6 (11th Cir. 2001); United States v. Vigil, No. CR 05-2051 JB, 2010 WL 2301708, at *9 (D.N.M. May 4, 2010)(Browning, J.).

The sentencing court, pursuant to 18 U.S.C. § 3583(e)(1), which specifically refers the court to consider the factors in 18 U.S.C. § 3553(a), may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "Whether to grant a motion to terminate a term of supervised release under § 3583(e)(1) is a matter of district court discretion." Rhodes v. Judiscak, 676 F.3d 931, 933 (10th Cir. 2011) (citing United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011)). "Abuse of discretion occurs when the district court commits a serious error of judgment, such as the failure to consider an essential factor." United States v. Lowe, 632 F.3d at 997.

In accord with 18 U.S.C. § 3583(e), the district court must consider the factors that 18 U.S.C. § 3553(a) sets forth before terminating a term of supervised release. See 18 U.S.C. § 3583(e). The first factor the Court examines is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The second factor is "the need for the sentence imposed." 18 U.S.C. § 3553(a)(2). In analyzing the second factor, the district court considers what sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, adequately deters criminal conduct, protects the public, and provides the defendant with educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3553(a)(2)(A)-(D). After considering the factors that 18 U.S.C. § 3553(a) sets forth, the district court examines whether the defendant's conduct warrants early termination and whether the early termination of supervised release is in the interest of justice. See 18 U.S.C. § 3583(e)(1). Finally, the district court exercises its discretion in granting or denying

a defendant's motion for early termination of supervised release.  <u>See</u> 18 U.S.C. § 3583(e).

## **ANALYSIS**

The Court will deny Gutierrez' Motion for Early Termination.  The Court does not believe that the factors in 18 U.S.C. § 3553(a) counsel in favor of early termination of supervised release.  Further, the Court is not satisfied that Gutierrez' conduct warrants early termination of supervised release, nor does the Court find that granting Gutierrez' Motion for Early Termination is in the interest of justice.

Gutierrez' criminal history and the circumstances of the offense support the Court's decision to deny Gutierrez' Motion for Early Termination.  Under 18 U.S.C. § 3553(a)(1), the Court shall consider the circumstances of the offense and the defendant's history and characteristics.  Gutierrez has a criminal history of II based on three criminal history points.  <u>See</u> USPO Memo at 1.  Gutierrez has two prior felony drug convictions from 1993, and two misdemeanor convictions: one for Driving While Intoxicated and one for Battery Against a Household Member.  <u>See</u> USPO Memo at 1.  He was charged and not convicted of both another felony drug case in 2001 and Driving While Intoxicated in 2007.  <u>See</u> USPO Memo at 1.  While on supervised release, Gutierrez has had difficulties with family members, resulting in police involvement.  <u>See</u> USPO Memo at 1.  Gutierrez was also involved in two separate altercations while on supervised release, one in which charges were filed and later dismissed.  <u>See</u> USPO Memo at 1.  Gutierrez thus has an extensive criminal history, which counsels against early termination of his supervised release.  Additionally, the circumstances of the offense for which he is on supervised release reinforce the Court's decision to deny Gutierrez' Motion for Early Termination.  Gutierrez possessed a firearm and threatened to kill two men who smashed his windshield, repeatedly pronouncing that he was going to kill them and that "he was not joking." USPO Memo at 1.  Threatening to kill another individual while in

possession of a firearm is serious. Considering the underlying offense's circumstances and Gutierrez' criminal history, the Court cannot, on a sound basis, terminate his supervised release early.

Gutierrez' two-year supervised release is warranted. According to 18 U.S.C. § 3553(a)(2)(A)-(D), the Court considers whether the sentence imposed reflects the seriousness of the offense, deters the defendant from committing further offenses, protects the public, and provides the defendant with needed training and care. The offense of Felon in Possession of a Firearm is a Class D felony.[3] See 18 U.S.C. § 3559(a)(4). The authorized term of supervised release for Class D felonies is a maximum of three years. See 18 U.S.C. § 3583(b)(2). The Court sentenced Gutierrez to two years of supervised release, which is one year less than the maximum three-year term of supervised release under 18 U.S.C. § 3583(b)(2). See USPO Memo at 1. The Court concludes that the two-year term of supervised release reflects the seriousness of the offense without being extreme. The two-year sentence also deters Gutierrez from committing further offenses. Although Gutierrez is almost fifty-five years old and in ill-health, he has a lengthy criminal history that spans twenty years. Moreover, within the first year of his supervised release, Gutierrez was involved in two altercations. See Motion for Early Termination at 2. Additionally, in light of the underlying crime, the continuation of Gutierrez' term of supervised release serves to protect the public. Gutierrez is currently serving time for possession of a loaded firearm, with which he threatened the lives of two men. See USPO Memo at 1. The Court finds that terminating Gutierrez' two-year term of supervised release early would not serve to protect the public. Gutierrez' imposed sentence is warranted, and the Court therefore denies Gutierrez' Motion for Early Termination.

---

[3] A Class D felony is the fourth-most serious felony under federal law, and is punishable by "less than ten years but five or more years." 18 U.S.C. § 3559(a)(4).

Gutierrez' conduct does not justify the early termination of his two-year term of supervised release. While on supervised release, Gutierrez has had "issues with family members, which resulted in numerous police contacts and civil issues." USPO Memo at 1. Additionally, in December, 2011, New Mexico charged Gutierrez with Criminal Damage to Property, but dropped the charges in July, 2012. See USPO Memo at 1. In February, 2012, Gutierrez was involved in a physical altercation with another male. See USPO Memo at 1. Although the State of New Mexico did not prosecute these offenses, the altercations counsel the Court not to terminate Gutierrez' term of supervised release early. Gutierrez is currently compliant with the conditions of his supervision, but the Court agrees with the USPO that Gutierrez "has not otherwise made extraordinary progress." USPO Memo at 2. Moreover, that the USPO does not recommend that the Court terminate Gutierrez' supervised release early is persuasive to the Court. See USPO Memo at 2. The Court agrees with the United States' position that "the probation officer is in the best position to recommend to the Court whether or not early termination of supervised release is appropriate in this case." Response at 1-2. As the USPO objects to, rather than supports, Gutierrez' Motion for Early Termination, the Court believes granting Gutierrez' Motion for Early Termination is imprudent.

The Court does not find that granting Gutierrez' Motion for Early Termination is in the interest of justice, and, therefore, the Court will deny Gutierrez' Motion for Early Termination. Although Gutierrez is in ill-health and approaching age fifty-five, he has less than one year remaining on his term of supervised release. See Motion for Early Termination at 2. He has not presented compelling reasons for why granting the Motion for Early Termination is in the interest of justice, and, thus, the Court will deny the Motion for Early Termination.

Gutierrez complains that "extraordinary progress" is too high of a standard, and the Court agrees that the Court should not, by judicial fiat, impose another factor additional to those that

-10-

Congress has statutorily required courts to follow.  Certainly a defendant does not have to save a child from a burning building or start a major nonprofit to feed the poor to show sufficient progress.  On the other hand, just doing what supervised release requires also may not be enough.  The early termination of supervised release probably requires, at a minimum, that the defendant has a spotless record on supervised release.  Here, Gutierrez has had some hiccups.  While he might not have violated the conditions of his supervised release, the incidents raise eyebrows and present some barnacles on his record.  These blemishes or incidents do not give the Court comfort.  Instead, they suggest that Gutierrez may be doing well -- although not extraordinarily well -- precisely because he is currently under supervised release.  The Court concludes that Gutierrez will continue to benefit from supervised release, and that supervised release is necessary to continue to protect the public from Gutierrez' violent and reckless tendencies.

After considering the factors in 18 U.S.C. § 3553(a), the Court concludes that the factors do not weigh in favor of terminating Gutierrez' supervised release early.  Moreover, the Court finds that Gutierrez' conduct--although compliant with the conditions of his release--does not warrant the early termination of supervised release.  Additionally, granting Gutierrez' Motion for Early Termination is not in the interest of justice.  The Court thus finds that it is too soon to release Gutierrez and will deny his Motion for Early Termination.

**IT IS ORDERED** that Defendant Jerry Sedillo Gutierrez's Motion for Early Termination of Supervised Release, filed September 24, 2012 (Doc. 43), is denied.

_____
UNITED STATES DISTRICT JUDGE

-11-

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Albuquerque, New Mexico

-- and --

Alfred J. Perez
  Assistant United States Attorney
United States Attorney's Office
Las Cruces, New Mexico

      *Attorneys for the Plaintiff*

Barbara A. Mandel
  Assistant Federal Public Defender
Las Cruces, New Mexico

      *Attorney for the Defendant*